ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 4 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| ZIOMARA YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FRANKEL FAMILY TRUST, | ) |
| d/b/a MANAGEMENT SUPPORT, | ) |
| | ) |
| Defendant. | ) |

No. 3:00-CV-1698-H

ENTERED
MAR 15 2001
U.S.D.C.

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an Order of the Court, Defendant's

Motion for Summary Judgment has been referred to the undersigned United States Magistrate

Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS:**

**I.     Background & History**

Plaintiff is a former employee of Defendant. Plaintiff claims Defendant discriminated

against her on the basis of her pregnancy in violation of the Texas Commission on Human Rights

Act (TCHRA), Tex. Lab. Code §21.01 *et seq.* She also claims that Defendant retaliated against

her in violation of the TCHRA because she filed a complaint against Defendant with the Equal

Opportunity Employment Commission (EEOC). Defendant is a California company that manages

residential apartment properties in Dallas County, Texas. Plaintiff worked for Defendant from

May 5, 1998 until her termination on January 22, 1999.

13

In 1998, Plaintiff applied for a position as Assistant Manager, and Defendant hired her.[1]

She initially worked at an apartment complex in far north Dallas.  Shortly after Plaintiff began

work, she discovered that she was pregnant and notified Defendant.  *Young Affidavit* at 1-2.

Plaintiff states that she was always allowed to take time off for her doctor's appointments and that

none of Defendant's other employees or agents expressed a negative attitude toward her due to

her pregnancy.  *Young Deposition* at 118.

In July, 1998, Defendant transferred Plaintiff to a different apartment complex to serve as

the "resident manager," and gave her a substantial pay increase.  *Defendant's Motion* at 4-5.

Later that year, as her due date approached, Plaintiff applied for 13 days of leave (ten vacation

days and three personal days) to be taken following the birth of her child.  Defendant's leave

policy allowed employees who did not have leave time already accrued to apply for "early"

vacation days in advance.  In such cases, Defendant's employees who had been employed for at

least six months could apply in advance for up to five early vacation days.  If such a request was

granted, the employee could take the vacation days, but would not be paid for those days until the

vacation days had accrued at the end of one year.  Employees accrued ten vacation days per year.

*See Randall Deposition* at 88; *Plaintiff's Response* at 7.  The record is unclear as to whether

---

[1] Plaintiff argues that she initially applied for the position of Manager and was hired for that position. *Plaintiff's Response* at 3.  Plaintiff's employment application, however, indicates that she applied for the position of Assistant Manager.  *Exh. 2 to Plaintiff's Response.*  Defendant states that Plaintiff was hired as an Assistant Manager, was under consideration for a Manager position during a period of training, but remained an Assistant Manager.  *Randall Affidavit* at 2. Plaintiff admits that she was "under consideration for a manager position," but asserts that her assignment to Assistant Manager was some type of demotion after Defendant learned of her pregnancy.  *Plaintiff's Response* at 3-4.  Plaintiff's employment application (which she filled out in her own handwriting before she was hired) indicates she sought the position of Assistant Manager.  This Court finds that Plaintiff applied for an Assistant Manager position and was employed as an Assistant Manager.

Plaintiff's request was formally denied at the time she made it, but eventually, Defendant denied the request.

On January 22, 1999, Plaintiff visited her doctor. He immediately admitted her to the hospital and scheduled a cesarean section. When Plaintiff called to notify Defendant that she would have the baby that day, Defendant's agent, Mr. Randall responded that she would be immediately terminated. *Defendant's Motion* at 8. Mr. Randall states that he terminated Plaintiff because she was only entitled to six days' leave time and he knew that she would be absent from work for more than six days.[2] *Randall Deposition* at 58-61; *Randall Affidavit* at 5. Defendant's policy at the time was that if an employee exceeded his or her leave time, the employee would be terminated and could reapply for a position at a later date. *Id.* at 4-6.

On February 4, 1999, Plaintiff visited Mr. Randall and told him she would be ready to come back to work on February 8, 1999. She apparently presented Mr. Randall with a doctor's release on February 5, 1999, stating that she could return to work on February 8. *Young Affidavit* at 3. Mr. Randall told Plaintiff that two leasing agent positions were available and that she could submit an application for the positions through the managers of the apartment complexes where the positions were located. Plaintiff did not file an application at the time. *Defendant's Motion* at 8.

Plaintiff filed a complaint with the EEOC on February 5, 1999, alleging that Defendant discriminated against her by terminating her. Plaintiff alleged that Defendant failed to terminate

---

[2] Mr. Randall stated in his deposition and Affidavit that he knew Plaintiff would exceed her six days' leave time because his experience with prior employees and with his ex-wife caused him to believe that Plaintiff would not return to work within 6 working days of delivering a child by cesarean section.

3

another (non-pregnant) employee when she exceeded her allotted leave time in November, 1998, after she was injured in an automobile accident. Upon receipt of this complaint, Mr. Randall contends that he investigated the allegations and determined that the employee in question, Kristine Page, was Plaintiff's subordinate. Mr. Randall concluded that when Page exceeded her allotted leave time, Plaintiff violated company policy by not terminating her. *Defendant's Motion* at 9. Plaintiff asserts that when it became apparent that Page would exceed her leave time, Plaintiff informed Mr. Randall of the situation. Mr. Randall did not terminate Page nor did he instruct Plaintiff to do so. *Young Deposition* at 217-220; *see also Plaintiff's Affidavit* at 4.

Approximately the second week in February, Plaintiff's replacement quit, and Plaintiff's old job became available. *Randall Deposition* at 66. Defendant advertised the job in the newspapaer, but did not notify Plaintiff of the opening. *Randall Deposition* at 67. Plaintiff learned of the opening and on February 15, 1999, Plaintiff faxed a resume to Mr. Randall seeking her prior position as assistant manager, and alternatively, another position as a leasing director. *Defendant's Motion* at 9-10. Defendant did not consider Plaintiff for these positions. She claims that Defendant did not consider her because it retaliated against her for filing a complaint with the EEOC. *Plaintiff's Response* at 6. Defendant claims that she was not considered because she did not fill out a form application (but merely sent in a resume) and because Mr. Randall discovered that she previously violated company policy by not terminating Page when she exceeded her leave time. Defendant asserts that Plaintiff was not eligible for rehire based on the prior violation. *Defendant's Motion* at 9-10.

## II.     Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2512, 91 L. Ed.2d 202 (1986). The proper inquiry for the trial court is whether there are any "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* The moving party is entitled to summary judgment when the nonmoving party fails to make a sufficient showing with respect to an element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2549, 91 L. Ed.2d 265 (1986). The trial court will consider all of the pleadings, discovery documents, and affidavits on file, and construe them in the light most favorable to the non-moving party. *Id.* at 323.

Plaintiff's claims are asserted under the TCHRA, which is modeled on federal employment discrimination laws.[3] The stated purpose of the statute is to "[execute] the policies embodied in Title VII of the Federal Civil Rights Act of 1964." TCHRA §102(1). The Act seeks to correlate federal and state employment discrimination law. *NME Hospitals, inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999). Federal law regarding employment discrimination claims is thus applicable to cases brought under the TCHRA. *Id.*

### A.     Discrimination

Under the *McDonnell Douglas Corp. v. Green* burden of proof structure for discrimination claims, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell*

---

[3] Plaintiff has met all procedural prerequisites to bringing this action under the TCHRA. *See Plaintiff's Second Amended Original Petition* (Exh. 7 to *Defendant's Notice of Removal*).

*Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). The burden then shifts to the defendant to show a legitimate nondiscriminatory reason for the employment action taken. *Id.* If the defendant meets this burden, the plaintiff must present credible evidence that the proffered nondiscriminatory reason was a pretext for the employment action. *Id.* at 804.

To establish a *prima facie* case of discrimination under the TCHRA, a plaintiff must show that: 1) she was a member of a protected class; 2) that she suffered an adverse employment action; and 3) that unprotected class employees were not treated similarly. *Id.* at 802. An inference of discrimination arises if the plaintiff establishes a *prima facie* case. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089, 1094, 65 L. Ed.2d 207 (1981). The burden of production then shifts to the defendant to offer a legitimate, non-discriminatory reason for the challenged employment action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747, 125 L. Ed. 2d 407 (1993). The defendant may meet this burden by offering admissible evidence sufficient to allow a trier of fact to conclude that the legitimate, non-discriminatory reason was the basis for the adverse employment action. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2106, 147 L. Ed. 2d 105 (2000). The plaintiff must then show that the defendant's purported legitimate, non-discriminatory reason was a mere pretext for the adverse action. *Hicks*, 509 U.S. at 507-08. Once the pretext stage has been reached, "the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination." *Shackelford v. Deloitte & Touche, L.L.P.*, 190 F.3d 398, 404 (5th Cir. 1999) (citing *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996)).

6

The parties do not contest that Plaintiff was a member of a protected class. The TCHRA provides that "discrimination because of sex . . .includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition." Tex. Lab. Code Ann. §21.106(a). Plaintiff claims to have suffered two discriminatory adverse employment actions. First, she asserts that she was originally hired to be a manager, but that after Defendant learned of her pregnancy, she received only an assistant manager position. Defendant claims Plaintiff was hired as an assistant manager and was under consideration for a manager position after she finished her training. During Plaintiff's training period, however, the company decided that another more experienced employee should be placed in the position of manager at the apartment complex where Plaintiff was assigned. *Randall Affidavit* at 3. In light of this evidence, along with the employment application in Plaintiff's handwriting that lists "Assistant Manager" as the position for which Plaintiff applied, Plaintiff has failed to show that she suffered any adverse employment action with regard to her position or job duties while employed with Defendant. Defendant's Motion for Summary Judgment should be granted on this claim.

Second, Plaintiff claims that she was terminated and not rehired as a result of her pregnancy. The parties do not contest these adverse employment actions occurred. The parties also agree that a similarly situated non-pregnant employee, Ms. Page, was treated differently than Plaintiff, in that Page exceeded her allotted leave time and was not terminated. Plaintiff has established a *prima facie* case of discrimination with regard to her claim that she was terminated due to her pregnancy.

Defendant claims that Plaintiff was terminated pursuant to a neutral employment policy that mandated termination for all employees who exceeded their leave time. *Defendant's Motion*

at 2.  Defendant explains that Page was under Plaintiff's supervision when she exceeded her leave

time and that Plaintiff violated company policy by failing to terminate her.  Plaintiff's evidence

indicates that she informed her superior, Mr. Randall, about Page's situation and that Mr. Randall

did not instruct Plaintiff to terminate Page.  *Young Affidavit* at 4.  Defendant's evidence indicates

that Mr. Randall did direct Plaintiff to terminate Page.  *Randall Affidavit* at 6.  When a court is

presented with conflicting evidence, it must construe all reasonable inferences in favor of the non-

moving party on a motion for summary judgment.  *Walker v. Sears Roebuck*, 853 F.2d 355, 358-

59 (5th Cir. 1988).  The Court finds that Defendant has not met its burden of offering a

reasonable, non-discriminatory reason for the alleged unequal treatment of Plaintiff and similarly

situated non-pregnant employees.  Moreover, Plaintiff was terminated on January 22, 1999 before

she exceeded her accrued leave time.

Additionally, the amount of leave time to which Plaintiff was entitled is in dispute.  This

raises a genuine issue of material fact with respect to whether Plaintiff was terminated pursuant to

a neutral evenhanded employment policy regarding leave time.  Plaintiff claims that according to

company policy, she was entitled to as many as 13 working days of leave on the date she

delivered her child.  Defendant claims that Plaintiff was entitled to only 6 working days of leave

time.  At various points in the record, leave time of 8 working days is mentioned by the parties

and their representatives.  *See, e.g., Randall Deposition* at 43; *Plaintiff's Response* at 4.  Other

evidence in the record consists of Defendant's written policy on vacation and personal leave time,

which is a general statement about when an employee accrues vacation time and how much pay he

will receive for it.  *Exh. 2 to Young Deposition.*  The written policy does not solve the parties'

dispute over the number of days Plaintiff was due.  Defendant is not entitled to summary

judgment on Plaintiff's claim that she was terminated due to her pregnancy. Defendant's Motion for Summary Judgment on this claim should be denied.

### B.      Retaliation

Plaintiff's retaliation claim under the TCHRA is also subject to the burden-shifting analysis of *McDonnell Douglas*. *Thompson v. Clayton Williams Energy, Inc.* 2 S. W. 3d 734, 739 (Tess. App. - Houston [14th Dist.] 1999, no writ). To establish a *prima facie* case, Plaintiff must show that: 1) she engaged in a protected activity; 2) she suffered an adverse employment action by the employer; and 3) there was a causal connection between the protected activity undertaken and the adverse employment action. *See Long v. Eastfield College*, 88 F.3d 300, 305 n. 4 (5th Cir. 1996). Plaintiff need not establish that the adverse action was motivated solely by the protected activity, but must establish a "causal link" between the protected activity and the adverse action by evidence which demonstrates that the employer's adverse decision was based in part on knowledge of the plaintiff's protected activity. *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). A "causal link" is established when the plaintiff shows that the employment decision and his protected activity "were not wholly unrelated." *Medina v. Ramsey*, 238 F.3d 674, 683 (5th Cir. 2001) (quoting *Simmons v. Camden County Bd. of Educ.* 757 F.2d 1187, 1189 (11th Cir. 1985)).

If Plaintiff establishes a *prima facie* case, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse employment action. The employer meets its burden by offering a legally sufficient reason to justify judgment in its favor through admissible evidence. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Burdine*, 450 U.S. at 254-55. If the employer articulates a legitimate reason for the adverse action, the burden shifts back to the

plaintiff to show that the employer's proffered reason is a pretext for discriminatory conduct. *McDonnell Douglas Corp.*, 411 U.S. at 804. A plaintiff meets this burden either by directly persuading the trier of fact that a discriminatory reason more likely motivated the employer, or by indirectly showing that the employer's proffered reason is not credible. *Burdine*, 450 U.S. at 256. A plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated. *Reeves*, 120 S. Ct. at 2109.

Plaintiff engaged in a protected activity by filing her complaint with the EEOC on February 5, 1999. She was arguably the victim of an adverse employment action, Defendant's failure to rehire her after her termination. Plaintiff makes a *prima facie* showing of retaliation. The causal link is satisfied by the fact that at the time Plaintiff's job reopened at Rancho Palisades, Mr. Randall had a copy of the complaint Plaintiff had filed with the EEOC. *Randall Deposition* at 68. Defendant claims Plaintiff was not hired for two reasons. First, Defendant claims she was not eligible because she did not submit a form application which Defendant requested and required. *Defendant's Motion* at 2. Second, Defendant cites Plaintiff's previous violation of company policy by not terminating Ms. Page when she exceeded her leave time. *Id.* Plaintiff rebuts Defendant's first reason by showing that after her termination, she applied in the same manner that led to her initial hiring. *Young Affidavit* at ¶ VII. Defendant's second reason is also rebutted. Mr. Randall admits that Plaintiff was eligible for reemployment because she was not terminated for cause. *Randall Deposition* at 65. A conflict in substantial evidence exists on the ultimate issue of retaliation. Plaintiff has raised a genuine issue of material fact as to whether Defendant unlawfully retaliated against her. Plaintiff's retaliation claim survives Defendant's motion for

10

summary judgment.  *See Medina*, 238 F.3d at 684.

## RECOMMENDATION:

Defendant's Motion for Summary Judgment should be **GRANTED IN PART** and

**DENIED IN PART**.  The motion should be **GRANTED** with respect to Plaintiff's claim that she

was effectively demoted from manager to assistant manager in violation of the TCHRA.

Defendant's Motion for summary Judgment should be **DENIED** with respect to Plaintiff's claims

that she was terminated in violation of the TCHRA and retaliated against because she filed an

EEOC complaint.

Signed March /4, 2001.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE